1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14

| DARRION WRIGHT | Case No. |
|---|---|
| Plaintiff(s), | 5:21–cv–02101–FMO–SHK |
| v. | |
| FEDERAL EXPRESS CORPORATION, et al. | **ORDER Re: SUMMARY JUDGMENT MOTIONS** |
| Defendant(s). | |

15      A deadline for dispositive motions has been set in the above-captioned case.

16  Any motion(s) for summary judgment **shall** comply with all Federal Rules of Civil

17  Procedure and Local Rules, as well as this Order. Please be advised that this Order

18  contains requirements more specific than the Local Rules and Federal Rules of

19  Civil Procedure.

20      1. <u>Joint Brief</u>:  The parties shall work cooperatively to create a single, <u>fully

21  integrated</u> joint brief covering all parties' summary judgment motions, in which

22  each issue (or sub-issue) raised by a party is immediately followed by the opposing

23  party's/parties' response. The joint brief shall set out each issue (or sub-issue),

24  including legal argument and citation to evidence <u>and</u> the joint appendix of

25  undisputed and disputed facts (<u>i.e.</u>, not simply to the joint appendix of undisputed

26  and disputed facts), followed <u>seriatim</u> by the response with respect to that issue

27  (or sub–issue), including legal argument and citation to evidence.

28      2. <u>Citation to Evidence</u>:  The parties shall cite to relevant evidence to support

factual assertions throughout the joint brief. All citations to evidence shall be directly to the exhibit and page number(s) of the evidentiary appendix, (see infra at ¶ 5), or page and line number(s) of a deposition, as well as the joint appendix of undisputed and disputed facts. Parenthetical explanations are encouraged. Failure to cite to evidence in support of a factual assertion may be deemed a party's admission that it lacks evidence of that fact. Evidence not cited by a party in the joint brief may not be considered.

3. Unnecessary Sections: The parties need not include a "procedural history" section, since the court will be familiar with the procedural history. The court is also familiar with the general standard for summary judgment, so that need not be argued. However, if a party believes a specialized standard is applicable, the party may brief such a standard. If preliminary issues - such as burden of proof, standard of review, or choice of law - are in dispute, the parties shall brief such issues in accordance with ¶ 1, supra.

4. Page Limitation: Each separately-represented party shall be limited to twenty-five (25) pages, exclusive of tables of contents and authorities. Repetition shall be avoided and, as always, brevity is preferred. Leave for additional space will be given only in extraordinary cases. The excessive use of footnotes in an attempt to avoid the page limitation shall not be tolerated. All substantive material, other than brief argument on tangential issues, shall be in the body of the brief.

5. Evidentiary Appendix: The joint brief shall be accompanied by one separate, tabbed appendix[1] of declarations and written evidence (including documents, photographs, deposition excerpts, etc.). See Local Rule 7-6. Declarations shall set out facts that would be admissible in evidence, and shall not contain argument, see Local Rule 7-7, and physical exhibits shall be lodged separately. The evidentiary appendix shall include a table of contents.

_____

[1] A large appendix may be divided into multiple volumes.

If the evidentiary appendix in support of or in opposition to a motion exceeds 50 pages, the evidence must be separately bound and tabbed and include an index. If such evidence exceeds **300 pages**, the documents shall be placed in **three-ring binders**, with an index and with each item of evidence separated by a divider with a tab on the right side. In addition, counsel shall provide an electronic copy (<u>i.e.</u>, cd, dvd, or flash drive) of the documents in a single, OCR-scanned, .pdf file with each item of evidence separated by labeled bookmarks. Counsel shall ensure that all documents are legible.

6.  <u>Evidentiary Objections</u>:  All necessary evidentiary objections shall be made in the relevant section(s) of the joint brief.

7.  <u>Joint Appendix of Undisputed and Disputed Facts</u>:  The joint brief shall also be accompanied by a joint appendix of undisputed and disputed facts. The 14-point font requirement of Local Rule 11-3.1.1 is waived for the purposes of this factual appendix only. To avoid a Notice of Document Discrepancy, the appendix must be entitled "Statement of Uncontroverted Facts." <u>See</u> Local Rule 56-1. This appendix shall consist of a five column table:

a.  The first column shall contain the number of the fact alleged by a party to be undisputed. All asserted undisputed facts shall be sequentially numbered, but shall be divided into sections clearly denoting which party is asserting the undisputed fact (<u>e.g.</u>, D1, D2, . . . , P51, P52, . . .). Facts agreed to be undisputed need not be reasserted in later sections.

b.  The second column shall contain a plain statement of the fact. <u>The fact shall not be compound</u>. If, for instance, the required response is that the fact is disputed <u>in part</u>, the fact is compound. Further, neither legal arguments nor conclusions constitute facts.

c.  The third column shall contain citation to admissible evidence the party believes supports that fact. If multiple pieces of evidence are cited, parenthetical explanations of the nature and relevance of each piece of

evidence shall be included.

      d.  The fourth column shall contain the opposing party's/parties' response to the asserted undisputed fact. The following are the only appropriate responses: (1) "Undisputed"; (2) "Disputed," along with a <u>brief</u> explanation of the dispute (<u>e.g.</u>, "unsupported by admissible evidence," or "conflicting evidence presented"). Legal argument is not an appropriate response. <u>See</u> Local Rule 11-7.

      e.  The fifth column shall contain citation to admissible evidence supporting the party's assertion of the disputed fact. If multiple pieces of evidence are cited, parenthetical explanations of the nature and relevance of each piece of evidence shall be included. If the party does not dispute the fact, or simply disputes the sufficiency of the asserting party's evidence, no citation is necessary.

    8.  <u>Failure to Properly Dispute a Fact</u>:  A party's failure to properly dispute any fact asserted to be undisputed by the opposing side shall be deemed established for the purposes of resolving the motion(s). <u>See</u> Local Rule 56-3.

    9.  <u>Schedule for Preparation and Filing of Joint Brief</u>:  The briefing schedule for the joint brief shall be as follows:

      A.  **Meet and Confer**:  In order for a motion for summary judgment to be filed by the deadline for dispositive motions, the meet and confer must take place no later than thirty-five (35) days before the deadline for dispositive motions set forth in the Court's Case Management and Scheduling Order. It shall be the responsibility of counsel for the moving party to arrange for this conference. Counsel for the parties shall meet and confer in person at an agreed-upon location within the Central District of California to narrow and crystallize the issues to be argued in the summary judgment motion. The parties shall discuss <u>each</u> <u>issue</u> to be raised in the motion, as well as the law and evidence relevant to that issue, so that the parties' briefing reflects that

they are fully cognizant of the other side's position(s). If the briefing reveals that the parties are not on the same page with respect to the issues and position(s) presented, the motion shall be stricken.

B.  No later than seven (7) days after the meet and confer, the moving party shall personally deliver or e-mail to the opposing party an electronic copy of the moving party's portion of the joint brief, together with the moving party's portion of the evidentiary appendix and joint appendix of undisputed and disputed facts.

C.  No later than fourteen (14) days after receiving the moving party's papers, the opposing party shall personally deliver or e-mail to the moving party an electronic copy of the integrated motion, which shall include the opposing party's portion of the joint brief, together with the opposing party's portion of the evidentiary appendix and joint appendix of undisputed and disputed facts.

D.  No later than two days after receiving the integrated version of the motion and related papers, the moving party shall finalize it for filing. The moving party may not make any further revisions to the joint brief other than finalizing the document for filing. Once finalized, the joint brief shall be provided to the opposing party's counsel who shall sign it and return it to the moving party's counsel no later than the end of the next business day. The moving party's counsel shall sign and electronically file the joint brief, the evidentiary appendix, and joint appendix of undisputed and disputed facts no later than one business day after receiving the opposing party's signed copy. The joint brief shall be accompanied by a Notice of Motion and Motion for Summary Judgment, and shall be calendared pursuant to the Local Rules.

E.  **Supplemental Memorandum**:  After the joint brief is filed, each party may file a supplemental memorandum of points and authorities no later than fourteen (14) days prior to the hearing date. The supplemental

1 memorandum shall not exceed ten (10) pages in length. No other separate

2 memorandum of points and authorities shall be filed by either party in

3 connection with the summary judgment motion.

4     10.  <u>Failure to Comply with this Order</u>:  If it appears from the joint brief that

5 the parties have not discharged their meet and confer obligations in good faith, that

6 the parties have not worked to fully integrate the document, or that the parties have

7 otherwise failed to fully comply with this Order, the motion shall be stricken, and

8 the parties shall be required to repeat the process. If it appears that one (or more)

9 of the parties is primarily responsible for the failure to properly file an adequate

10 joint brief, the primarily responsible party or parties shall be subject to appropriate

11 sanctions.

12 **IT IS SO ORDERED.**

13

14 DATED: January 31, 2022                       /s/

                                          Fernando M. Olguin

15                                  United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28